DEL RÍO ET AL., PLAINTIFFS AND APPELLANTS, v. HEIRS OF CANCEL ET AL., DEFENDANTS AND APPELLEES.

APPEAL from the District Court of Arecibo in an Action for Damages.—Change of Venue.

No. 3213.—Decided January 22, 1924.

VENUE—CHANGE OF VENUE—APPEAL—CORRECTION OF RECORD. — Evidence which was not considered by the lower court in granting a change of venue can not be incorporated in the record as a correction in the Supreme Court for the purpose of sustaining the legality of the transfer.

The facts are stated in the opinion.

*Mr. V. Polanco de Jesús* for the appellants.

*Mr. H. F. Besosa* for the appellees.

MR. JUSTICE WOLF delivered the opinion of the court.

This is a motion to correct the transcript of record made by the appellee, the National Surety Co., who succeeded in obtaining a change of venue from the District Court of Arecibo to the District Court of San Juan on the ground that the residence, legal domicil and the principal office of the sued defendant are in San Juan. There were several defendants. The appellee now offers a certified copy of a paper evidencing the returns by the marshals of Mayagüez and San Juan to the summons of the several defendants and also offers a certificate showing that the Succession of Rafael Cancel appeared and answered in San Juan.

The appellant objects to the admission of the last named certificate because it shows that the appearance of said

succession was made on January 2nd, 1924, in San Juan, and hence that appearance could not possibly have been before the district court when it made its order transferring the cause on November 9th, 1923. The appellant is right. Furthermore, we cannot see how an appearance of a defendant residing elsewhere could affect the question of the right to a change of venue.

Similarly, appellant insists that in the District Court of Arecibo the appellee made out a certain case for a change of venue and also saying in effect that in deciding the motion the court did not have the returns of the marshals before it. Indeed, although appellant apparently has not noticed it, the paper evidencing the returns shows that the returns were filed in the office of the secretary of the district court on December 7th, 1923. It is evident then that these returns were not of record on November 9th, the date of the decision. Nor is there any indication that these returns were drawn to the attention of the court.

It was the duty of the appellee desiring a change of venue to present its whole case to the District Court of Arecibo and it cannot now be aided by records or evidence arising *post litem motam.*

The motion must be denied.

*Motion overruled.*

Chief Justice Del Toro and Justices Aldrey and Hutchison concurred.

Mr. Justice Franco Soto took no part in the decision of this case.

MOTION FOR RECONSIDERATION.

On motion for reconsideration Mr. Justice Wolf delivered the following opinion of the court on February 29, 1924:

The paper showing the returns bears the filing date December 7, 1913. If appellee desired to show that these returns were actually before the District Court of Arecibo, some other method should have been pursued. In our opinion we

said: "Nor is there any indication that these returns were drawn to the attention of the court."

That any paper filed in San Juan after the decision of the District Court of Arecibo can not be made part of this record, seems too plain for further argument.

*Motion overruled.*

Mr. Chief Justice Del Toro and Justices Aldrey and Hutchison concurred.